981 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joel W. ELLINGTON, Dr., Plaintiff-Appellant,
v.
Nancy BECKER, Judge; State of Nevada, Defendants-Appellees.
 No. 92-16080.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 7, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joel W. Ellington appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action. The district court abstained from reviewing Ellington's claim pursuant to Younger v. Harris, 401 U.S. 37 (1970). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's dismissal of a section 1983 action under the Younger abstention doctrine. Keneally v. Lungren, 967 F.2d 329, 331 (9th Cir.1992).
 
 
 4
 Barring exceptional circumstances, a federal court will not intervene in an ongoing state criminal prosecution. Younger, 401 U.S. at 37. Three requirements must be satisfied before a federal court can invoke the Younger abstention doctrine: (1) ongoing state judicial proceedings; (2) implication of an important state interest in the proceedings; and (3) an adequate opportunity to raise federal questions in the proceedings. Keneally, 967 F.2d at 331. "When a case falls within the proscription of Younger, a district court must dismiss the federal action." Fresh Int'l Corp. v. Agricultural Labor Relations Bd., 805 F.2d 1353, 1356 (9th Cir.1986).
 
 
 5
 Here, Ellington, facing state criminal prosecution in the state of Nevada, rejected court appointed counsel and moved the state trial court to allow him to represent himself. The state court denied his motion. Ellington filed his section 1983 action in the district court arguing that the state court's denial of his motion deprived him of his sixth amendment rights.
 
 
 6
 Ellington's action satisfies the three prongs necessary to invoke the Younger abstention doctrine: (1) he appeals a decision from an ongoing state criminal prosecution; (2) the criminal prosecution implicates an important state interest; and (3) the state criminal prosecution presents Ellington with an opportunity to raise the question of whether his sixth amendment rights were violated. See Keneally, 967 F.2d at 331. Accordingly, the district court properly dismissed Ellington's action.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4. Accordingly, Ellington's motion for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3